**CAI GUAN WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General, Respondents.**

No. 07–4287–ag.

United States Court of Appeals, Second Circuit.

April 10, 2008.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Senior Litigation Counsel; Anthony P. Nicastro, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Cai Guan Wang, a native and citizen of the People's Republic of China, seeks review of a September 6, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Cai Guan Wang,* No. A 70 889 125 (B.I.A. Sept. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, Wang has failed to challenge the BIA's denial of his motion as an untimely motion to reconsider. 8 C.F.R. § 1003.2(b)(2). Similarly, Wang does not challenge the BIA's findings that he failed to establish an error of fact or law in its prior decision, and that he was ineligible for asylum based on his wife's alleged forced abortion and involuntary sterilization under *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). Thus, we deem any such arguments waived and deny the petition for review to that extent. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

Further, the BIA did not abuse its discretion in denying Wang's motion to the extent that he intended to request reopening or reissuance based on ineffective assistance of counsel. The BIA properly determined that Wang had not established that he exercised due diligence in filing his motion, where he provided no explanation for his delay in filing after he learned of his prior attorney's failure to notify him of the dismissal of his appeal. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir.2000).

Under these circumstances, the BIA's denial of Wang's motion was not an abuse of discretion. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.